**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHN A. COLLINS,

       Plaintiff,                                  Case No.
                                                    Hon.

vs.

ALLSTATE INSURANCE COMPANY,
a foreign insurance corporation,
ILLINOIS BLUE CROSS BLUE
SHIELD INSURANCE COMPANY, d/b/a
BLUECROSS BLUESHIELD OF ILLINOIS,
LKQ CORPORATION, a foreign corporation,

       Defendants.
_____

JEFFREY A. BUSSELL (P65353)
MICHIGAN AUTO LAW, P.C.
Attorneys for Plaintiff
30101 Northwestern Hwy.
Farmington Hills, MI  48334
248-353-7575; Fax 248-254-8083
jbussell@michiganautolaw.com
_____

## **COMPLAINT**

    There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

                                          /s/  Jeffrey A. Bussell

**NOW COMES** the Plaintiff, JOHN A. COLLINS (hereinafter referred to as "COLLINS"), by her attorneys, MICHIGAN AUTO LAW, P.C., and for the Complaint against Defendants, states as follows:

1

## Nature and Action and Jurisdiction

1.  This is an action to:

    A.  Declare Plaintiff's right to benefits and the priority of coverage under §502(a)(1)(B) of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. §1132, and the Michigan No-Fault Act, M.C.L. §500.3101, et. seq.;

    B.  Enjoin certain acts and practices and to obtain other appropriate equitable relief under §502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).

2.  This Court has jurisdiction over plaintiff's ERISA claims pursuant to 29 U.S.C. §1132(e)(1).

3.  This Court has supplemental jurisdiction over plaintiff's claims arising under the Michigan No-Fault Act pursuant to 28 U.S.C. §1367(a).

4.  Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b).

## Parties and General Allegations

5.  Plaintiff, COLLINS, is a beneficiary of the LKQ CORPORTATION HEALTH PLAN (hereinafter referred to as the "PLAN") of Defendant employer, LKQ CORPORATION (hereinafter collectively referred to as "LKQ"), through COLLINS's employment with LKQ, administrated by Defendant, ILLINOIS BLUE CROSS BLUE SHIELD INSURANCE COMPANY, doing business as BLUE CROSS BLUE SHIELD OF ILLINOIS (hereinafter collectively referred to as "BLUE CROSS"), and is also insured under an automobile insurance policy

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

and/or through the Michigan Assigned Claims Plan with ALLSTATE INSURANCE, (hereinafter referred to as "ALLSTATE"),providing coverage under the Michigan No-Fault Act.

6. Through his employment with LKQ, COLLINS is provided with medical insurance benefits.

7. The PLAN is a self-insured, welfare benefit plan administrated under the terms of ERISA for the benefit of LKQ employees and their families, including beneficiaries living in Michigan.

8. Defendant, ALLSTATE, is a foreign insurance companies that provides insurance coverage to Michigan residents under policies sold throughout Michigan.

**Factual Background**

9. COLLINS, was involved in a motor vehicle collision on January 14, 2021 in Roseville, Macomb County, Michigan, in which COLLINS sustained serious injuries which arose out of the ownership, operation, maintenance and/or use of a motor vehicle as a motor vehicle within the meaning of defendants' ALLSTATE's insurance policies and/or the statutory provisions of the Michigan No-Fault Act, being MCLA 500.3101, et. seq.

10. COLLINS suffered, amongst other injuries, injury leg and ankles, requiring surgery, as well as injuries to other parts of her body, externally and

internally.

11. At all material times, COLLINS was entitled to health benefits provided by the PLAN in which she was a participant.

12. At all material times, the PLAN was a welfare plan that was administrated BLUE CROSS.

13. At all material times the plaintiff was covered for Michigan No-Fault personal protection insurance (also referred to as "PIP") benefits through an automobile policies of insurance and/or statutory obligation, through ALLSTATE, which provides for payment of all allowable expenses for COLLINS' medical care, recovery and rehabilitation in accordance with M.C.L. § 500.3107 BLUE CROSS was aware or informed or had express/implied knowledge of the ALLSTATE coverages.

14. In accordance with the terms of the Plan, sponsored by LKQ and administrated by BLUE CROSS, numerous and substantial expenses for COLLINS's medical care and treatment, surgery, hospitalization and rehabilitation necessitated by the injuries COLLINS suffered in the March 24, 2017, motor vehicle accident were paid by or on behalf of the PLAN and/or LKQ.

15. Under the Michigan No-Fault Act, pursuant to MCL 500.3135, COLLINS, is specifically prohibited from recovering any medical expenses from the

driver and/or owner of the at-fault motor vehicle that caused the November 15, 2019, collision in which COLLINS was seriously injured.

16. The PLAN, sponsored by LKQ and administered by BLUE CROSS, contains a purported provision requiring COLLINS, or those pursuing a legal claim on her behalf, to reimburse the PLAN for any expenses which the PLAN paid to or on behalf of COLLINS for any and all November 15, 2019 motor vehicle collision related care and/or treatment expenses out of any legal or other recovery made by or on behalf of COLLINS. The purported reimbursement provision is allegedly without qualification and reimbursement is allegedly due notwithstanding the inability of COLLINS, or those acting on his behalf, to recover healthcare expenses in the third-party automobile negligence action, due to the limitations imposed by the Michigan No-Fault Act, specifically MCL 500.3135.

17. The PLAN, sponsored by LKQ and/or BLUE CROSS, also allegedly contains a purported provision giving the PLAN the right of subrogation with respect to any expenses which the PLAN paid to or on behalf of COLLINS related to the care and/or treatment of her November 15, 2019 motor vehicle collision related injuries, from any legal or other recovery made by or on behalf of COLLINS. The purported reimbursement provision is allegedly without qualification and reimbursement is allegedly due

5

notwithstanding the inability of COLLINS, or those acting on his behalf, to recover healthcare expenses in the third-party automobile negligence action, due to limitations imposed by the Michigan No-Fault Act.  MCL 500.3135.

18. The PLAN, sponsored by LKQ and administered by BLUE CROSS, is silent with respect to any provision expressly creating a "lien" with regard to any claimed overpayment of motor vehicle collision related medical expenses.

19. At all material times, BLUE CROSS and/or LKQ knew that the relevant PLAN did not create a valid and/or enforceable "lien" against a Michigan No-Fault third-party recovery.

20. At all material times, BLUE CROSS and/or LKQ knew that the PLAN did not have a valid and/or enforceable claim for reimbursement of medical expenses against a third-party automobile negligence settlement governed by the Michigan No-Fault Act.

21. At this time, unpaid January 14, 2021, motor vehicle collision related medical expense benefits, as well as additional unpaid personal injury protection benefits including, but not limited to, wage loss and replacement services benefits are due and owing to the Plaintiff by ALLSTATE.

**COUNT I**
**DECLARATION OF RIGHTS UNDER ERISA**
**AND MICHIGAN NO-FAULT ACT**

6

22. Plaintiff restates all of the previous allegations as incorporated herein.

23. The terms of the PLAN sponsored by LKQ and administrated by BLUE CROSS appears to be conflicting and ambiguous with respect to the duty of the Plan, to pay benefits in the context of a Michigan motor vehicle collision, but resolution of the ambiguity will not result in a valid claim for reimbursement against the plaintiff's third-party automobile negligence recovery.

24. To the extent that there is any other source of funds against which the PLAN may seek subrogation or reimbursement, it is the ALLSTATE's PIP policy and/or statutory obligation, which provides coverage for all medical expenses arising from the January 14, 2021, bicycle/motor vehicle collision.

25. If the "coordination of benefits" language of the Plan, sponsored by LKQ and administrated by BLUE CROSS, is enforceable, as initially determined by the administrators of the PLAN, then the PLAN, remains primary in priority and ALLSTATE is secondary in priority.

26. If the Plan, sponsored by LKQ and administrated by BLUE CROSS, provisions regarding reimbursement/subrogation take precedence, essentially nullifying the "coordination of benefits" terms, then the Plan may have a right of reimbursement against ALLSTATE.

27. To the extent that the PLAN, sponsored by LKQ administrated by BLUE

CROSS, has any valid claims of reimbursement for the January 14, 2021, motor vehicle collision related medical expenses against the Plaintiff's third-party recovery, then those expenses were not really payable by the Plan, sponsored by LKQ and administered by BLUE CROSS, thus ALLSTATE must be deemed primary with respect to payment COLLINS's medical claims.

28. Under no circumstances is the Plaintiff, COLLINS liable for payment of medical expenses out of any third-party tort recovery, as the Michigan No-Fault Act prohibits a third party tort recovery of medical expenses.

29. Therefore, either the PLAN sponsored by LKQ and administered by BLUE CROSS, or the ALLSTATE PIP automobile policy and/or statutory obligation, are responsible for paying January 14, 2021, motor vehicle collision related medical expenses incurred by COLLINS. Thus, it would be appropriate for the Court to declare respective rights of the parties in this regard.

**WHEREFORE**, Plaintiff requests this Honorable Court to declare the rights of the parties regarding Defendants' obligation to pay Plaintiff's November 15, 2019, motor vehicle collision related benefits and determine the priority of coverage under the terms of the PLAN, sponsored by LKQ administered by BLUE CROSS, the ALLSTATE auto policy/and or statutory obligation, ERISA and the

Michigan No-Fault Act.

## COUNT II
## INJUNCTIVE RELIEF UNDER §502(a)(e) or ERISA

30. Plaintiff restates all of the previous allegations as incorporated herein.

31. The PLAN, sponsored by LKQ and administered by BLUE CROSS, does not have a valid right of reimbursement, right of subrogation or lien of any kind against Plaintiff or his third-party tort claim, arising from the November 15, 2019 motor vehicle collision.

32. The Plaintiff is a beneficiary of the PLAN, sponsored by LKQ and administered by BLUE CROSS, and is entitled to seek injunctive relief under §502(a)(3) of ERISA to prevent any further wrongful attempts to collect the reimbursement debt allegedly owed to the PLAN, sponsored by LKQ and administered by BLUE CROSS.

33. Therefore, it would be appropriate and equitable for this Court to enjoin the PLAN, sponsored by LKQ and administered by BLUE CROSS, and its contractors and subcontractors, from making any further attempts to collect the alleged reimbursement debt from the Plaintiff.

**WHEREFORE**, Plaintiff requests this Honorable Court grant a permanent injunction against Defendants, prohibit them or their agents, subcontractors or anyone else from making any further attempts to collect the alleged reimbursement debt from the Plaintiff.

## COUNT III
## NO FAULT BREACH OF CONTRACT CLAIM

36. Plaintiff restates all of the previous allegations as incorporated herein.

37. Defendant, ALLSTATE, has a statutory duty that covers Plaintiff, COLLINS, under the terms of Public Act No. 294 of the Public Acts of 1972, being commonly known as the Michigan No-Fault Law.

38. As a result of the aforementioned automobile accident, the Plaintiff, COLLINS, incurred reasonable and necessary expenses as provided for in the Michigan No-Fault Act, M.C.L.A. 500.3101, et seq.

39. Pursuant to the appropriate statutes, the Plaintiff, COLLINS, made application to the Defendant, ALLSTATE, through its employees and agents, for payments of the no-fault benefits. That numerous telephone calls and letters were sent to the Defendant for payment of the no-fault benefits specifically provided for under the Michigan No-Fault Law, as well as for payment of the ERISA lien described previously in this Complaint. That said requests for payment were made and verified.

40. The Defendant, ALLSTATE, has BREACHED THE CONTRACT and/or ITS STATUTORY DUTY, by neglecting and refusing to pay the no-fault benefits and/or the ERISA lien now due and owing to the Plaintiff, COLLINS, although said payments have been repeatedly demanded from Defendant, ALLSTATE.

41. Pursuant to MCR 2.113(F)(1)(b), as the Defendant, ALLSTATE, is in possession of its own terms and conditions, the policy of automobile insurance referred to in this Complaint need not be attached.

**WHEREFORE**, Plaintiff requests this Honorable Court grant a permanent injunction against Defendants, prohibit them or their agents, subcontractors or anyone else from making any further attempts to collect the alleged reimbursement debt from the Plaintiff, and to Order payment of the ERISA lien by one or more of the Defendants.

DATED: June 28, 2021

Respectfully Submitted,

MICHIGAN AUTO LAW, P.C.

By: /s/ Jeffrey A. Bussell____
    Jeffrey A. Bussell (P65353)
    Attorneys for Plaintiff

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575